JAMES EDWARD KROC, Appellant, v. SHERIFF OF CLARK COUNTY, NEVADA, Respondent.

No. 5787

February 13, 1969          450 P.2d 788

*Alfred Becker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *George E. Holt,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On the 29th of November, 1967, a grand jury in Clark County indicted the appellant, James Edward Kroc, for the crimes of assault with a deadly weapon with intent to do bodily harm and robbery. Bail was allowed and on December 4, 1967, the appellant was released on bond. Thereafter, in the early part of 1968, he was convicted in the State of California on the crime of burglary and was sentenced to a prison term in that state. On June 6, 1968, the State of Nevada, without first forfeiting his bail, initiated proceedings to return him to this state for trial. On September 13, 1968, the governor of the State of Nevada signed an executive agreement requesting the State of California to allow the appellant to be returned to

this state. He was returned on October 30, 1968, and through his attorney he requested release on the bail which he had previously posted. The request was denied by the sheriff of Clark County for the reason that the State of California maintained a "hold" on the appellant to assure his return to that state to complete his unexpired prison term.

On November 4, 1968, the appellant filed a petition for a writ of habeas corpus alleging that he was being illegally restrained and requesting his immediate release from custody. The appellant's petition as well as his motion for reconsideration were denied by the lower court.

In this appeal, Kroc contends that as a matter of right he is entitled to be released on bail, and that the lower court erred in denying his petition for a writ of habeas corpus.

We find that the appellant is not entitled to bail under NRS 178.484(1),[1] nor under the rule, announced by this court, that all offenses are bailable as a matter of right, and that such right is absolute in non-capital cases. Ex parte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965).

The appellant is present in this state by virtue of an agreement entered into between the Governor of the State of Nevada and the Governor of the State of California. That agreement was executed pursuant to the provisions of the Uniform Criminal Extradition Act, which act has been adopted by both states. Kroc is still a constructive prisoner of the State of California on "loan" to the State of Nevada, for the sole purpose of affording him a speedy trial.

By agreement, the State of California has retained its jurisdiction over the appellant for the purpose of returning him to that state to serve the remainder of his prison term.

The State of Nevada could not have acquired control of the appellant without the consent of the State of California. While he was a prisoner in the State of California the appellant was not entitled to release on bail. The governor of that state could not have released Kroc on bail, nor could he have agreed to his release on bail. The appellant is not entitled to release on bail while awaiting trial in this state.

In support of his contention the appellant relies on the case of Ex parte Drake, 233 P.2d 931 (Cal.App. 1951). We find the holding in that case wholly inapplicable. There the court specifically noted that: "Mississippi has not adopted the Uniform Criminal Extradition Act, and the provisions thereof are not applicable in this proceeding."

---

[1]NRS 178.484(1). "A person arrested for an offense not punishable by death shall be admitted to bail."

At all times while the appellant is physically present in Nevada this state is under a compulsion by virtue of the conditions of the executive agreement and the provisions of the Uniform Criminal Extradition Act to return the appellant to California, NRS 179.187(1). The appellant's return can not be guaranteed if he is free on bail. The rules of comity between the states require fulfillment of this obligation.

In the case of Ponzi v. Fessenden, 258 U.S. 254 (1921), decided several years before the UCEA was promulgated, the United States Supreme Court set the stage for the underlying principals of the uniform act. Ponzi, while serving sentence under a federal commitment, was taken before a state court on a writ of habeas corpus, with the consent of the Attorney General of the United States, and tried and convicted of a state law violation. There it was contended that the United States had exclusive jurisdiction and custody of Ponzi, and hence the state court had no jurisdiction to try him while he was in federal custody. Chief Justice Taft discussed at length the respective jurisdictions and the two sovereignties, and used the following language: "One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, *but he has no more than that*. (Emphasis added.) He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. (cases cited omitted) Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."

In the case of Lunsford v. Hudspeth, 126 F.2d 653 (10th Cir. 1942), the court said: "As an easy and flexible means of administering justice and of affording each sovereignty the right and opportunity to exhaust its remedy for wrongs committed against it, there has evolved the now well established rule of comity which is reciprocal, whereby one sovereignty having exclusive jurisdiction of a person may temporarily waive its right to the exclusive jurisdiction of such person for purposes of trial in the courts of another sovereignty. Thus the offender is accorded a speedy trial and the administration of justice is expedited by the availability of evidence, which might through lapse of time be lost, but such a waiver is a matter addressed solely to the discretion of the sovereignty, or its representatives

having power to grant it. Ponzi v. Fessenden, supra, and Ex parte Aubert, D.C., 51 F.2d 136. The privileges granted by this flexible rule of comity should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it. Under the free exercise of this rule, no right or immunity granted by the constitution, laws, or treaties of the United States, is invaded or impaired." There was no voluntary relinquishment of jurisdiction over the appellant by California.

Adoption of the Uniform Criminal Extradition Act by both Nevada and California is a barrier against the rule espoused by Kroc that the State of California has waived jurisdiction over him through its voluntary release.

The appellant further contends that his extradition to Nevada constitutes a pardon of his criminal offense in California. This contention is answered by West. Cal. Penal Code § 1555.2 (West 1956), which reads as follows: "Nothing in this chapter shall be deemed to constitute a waiver by this State of its right, power or privilege to try any demanded person for crime committed within this State, or of its right, power or privilege to *regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this State;* nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by this State of any of its rights, privileges or jurisdiction in any manner whatsover." (Emphasis added.)

The orders of the lower court denying the appellant's application for a writ of habeas corpus and denying a reconsideration of the application are affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.